IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kalvin Dontay Hunt, | ) | |
| | ) | C/A No. 8:18-2241-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The State of South Carolina, South Carolina Department of Mental Health, Columbia Regional Correct Care, Dr. Andrew Hedgepath, Meagan Hill, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Kalvin Dontay Hunt, a prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On November 6, 2018, Defendants Dr. Andrew Hedgepath and Meagan Hill filed a motion for summary judgment. (ECF No. 21). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately to the motion. (ECF No. 22) However, Plaintiff did not respond. On December 14, 2018, the magistrate judge entered another order giving Plaintiff through January 3, 2019, to respond to the motion for summary judgment and advising him that if he failed to respond, this action would be dismissed. (ECF No. 24). Plaintiff failed to respond. On January 11, 2019, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41. (ECF No. 27).[1] Plaintiff was advised of his right to file objections to the Report. (ECF No. 27-1). However,

---
[1] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

Plaintiff has not filed any objections to the Report and the time for doing so has expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 27) and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989).

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
January 31, 2019